IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**TREHEL CORPORATION,**

          **Plaintiff,**

v.

**W.S. AGEE GRADING CONTRACTOR, INC.,**

          **Defendant.**

1:12-cv-0054-WSD

## OPINION AND ORDER

This matter is before the Court on Plaintiff Trehel Corporation's ("Trehel") unopposed Motion to Confirm Arbitration Award ("Motion to Confirm") [1].

## I.   BACKGROUND

The dispute between Trehel and Defendant W.S. Agee Grading Contractor, Inc. ("W.S. Agee") relates to a construction project at the Benton House Independent Living Center in Stockbridge, Georgia. (Mot. Confirm ¶ 6). On December 6, 2006, Trehel and W.S. Agee entered into a subcontractor agreement. (Agreement between Contractor and Subcontractor, Mot. to Confirm Ex. 2, at 1 ("Agreement")). Trehel was the general contractor for the construction project and W.S. Agee was a subcontractor. (Id.).

The Agreement provided for the arbitration of any disputes between the parties arising out of the construction project:

> <u>Arbitration with General Contractor</u>.  Any dispute arising between or among . . . the General Contractor and/or any Subcontractor . . . related to the construction of the improvements on the property known as Benton House Independent Living Center is subject to arbitration pursuant to Title 15-48-10, et seq. of the South Carolina Code of Laws of 1976, as amended. . . .  If the dispute is between the Subcontractor and the Contractor only, a sole arbitrator shall be used and shall be selected by the Subcontractor from a list provided by the General Contractor within thirty (30) days of the demand of arbitration.

(Agreement § 13).

W.S. Agee was obligated under the Agreement to place backfill behind a large retaining wall that had been built at the construction site.  (Arbitration Award ¶ 2, Sept. 7, 2011, Mot. Confirm Ex. 1 ("Final Arbitration Award")).  The Agreement required, through its incorporation of other standards documents related to the construction project, that the backfill have a certain level of measured compaction.  (<u>Id.</u> ¶ 10).  On December 19, 2007, a certificate of occupancy was issued for the construction projection site.  (<u>Id.</u> ¶ 4).  Shortly thereafter, Trehel learned about problems with the backfill behind the retaining wall.  (<u>Id.</u> ¶ 5).  Further investigation revealed that the backfill had not obtained the required level of compaction and that it contained some unsuitable materials.  (<u>Id.</u> ¶ 7).  Trehel

was required to install expensive remedial measures to mitigate the problems with the faulty retaining-wall backfill.  (Id. ¶ 17).

On October 12, 2010, Trehel submitted to W.S. Agee a demand for arbitration pursuant to the Agreement.  (Mot. Confirm ¶ 9).  W.S. Agee submitted to the arbitration, which was held before the arbitrator on May 2-3, 2011.  (Id. ¶ 11).  A central dispute in the arbitration was which party, Trehel or W.S. Agee, was responsible for performing the required quality-control testing and inspections of the retaining-wall backfill.  (Final Arbitration Award ¶¶ 12-15).  The arbitrator found that W.S. Agee, by agreeing to perform the backfill operation according to certain standards, was responsible for ensuring that the required inspections and testing occurred and was further responsible for the subsequent failure of the backfill to satisfy the requirements of the Agreement.  (Id. ¶¶ 13-16).

The arbitrator concluded that W.S. Agee had breached the terms of the Agreement.  On July 13, 2011, he entered an arbitration award in Trehel's favor. (Arbitration Award, July 13, 2011, Mot. Confirm Ex. 4 ("Initial Arbitration Award")).  The arbitrator awarded Trehel $305,417.83 for the costs it incurred as a result of W.S. Agee's breach of its obligations under the Agreement.  (Id. ¶ 18). The arbitrator further awarded Trehel prejudgment interest at an annualized rate of seven percent (7%), beginning on June 25, 2008, which was the date the backfill

repairs were completed, until July 13, 2008, the date of the Initial Arbitration Award.  (Id. ¶ 19).  The award of prejudgment interest was $65,133.47, which was to accrue at a per diem rate of $58.55.  (Id. ¶ 19).  Finally, the arbitrator denied Trehel's requests for costs and attorneys' fees.  (Id. ¶¶ 20-22).  The final arbitration award was calculated to be $370,551.29.  (Id. ¶ 23).

On September 7, 2011, the arbitrator updated the arbitration award to state that W.S. Agee negligently performed its backfill work.  (Final Arbitration Award ¶ 16).  The Final Arbitration Award is identical to the Initial Arbitration Award in all other respects.

On January 5, 2012, Trehel filed its Motion to Confirm the Final Arbitration Award.  W.S. Agee executed a Waiver of Service [4] dated January 11, 2012.  W.S. Agee is represented in this matter, (See Notice of Appearance on Behalf of W.S. Agee [3]), but has not filed any opposition to the Motion to Confirm.  Under this Court's Local Rules, a failure to file a response to a motion indicates that there is no opposition to the motion.  LR 7.1B, NDGa.

On March 9, 2012, Trehel filed a Notice of Submission of Proposed Order Granting Motion to Confirm Arbitration Award ("Notice of Submission") [6].  In the Notice of Submission, Trehel represents to the Court that W.S. Agee neither consents to nor opposes either the Motion to Confirm or the proposed order that

Trehel filed as an exhibit to its Notice of Submission. (Notice of Submission ¶ 3 & Ex. A). Trehel also states that W.S. Agee has indicated that it will not file any opposition or response to Trehel's Motion to Confirm. (Id. ¶ 4).

## II. DISCUSSION

### A. Subject-Matter Jurisdiction

The Federal Arbitration Act ("FAA") provides that if parties to an arbitration agreement "have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration," and if "no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made." 9 U.S.C. § 9. The Agreement states that disputes between Trehel and W.S. Agee will be arbitrated pursuant to South Carolina's Uniform Arbitration Act, S.C. Code Ann. §§ 15-48-10 to -240, which in turn provides for court confirmation of an arbitration award, id. § 15-48-120.[1]

The FAA does not supply a basis for jurisdiction. See Cmty. State Bank v. Strong, 651 F.3d 1241, 1252 (11th Cir. 2011) (addressing petition to compel arbitration under 9 U.S.C. § 4). A party seeking relief under the FAA must instead

---

[1] Arbitrations that occur pursuant to South Carolina's Uniform Arbitration Act are not required to be confirmed by a South Carolina court. Cf. Ashley River Props. I, LLC v. Ashley River Props. II, LLC, 648 S.E.2d 295, 299-300 (S.C. Ct. App. 2007).

"identify an independent basis for federal jurisdiction." Id.; see Gen. Atomic Co. v. United Nuclear Corp., 655 F.2d 968, 970-71 (9th Cir. 1981) (Section 9 of the FAA requires an independent basis for jurisdiction).  Trehel asserts that subject-matter jurisdiction exists in this case based on the diverse citizenship of the parties, 28 U.S.C. § 1332(a)(1).  Trehel is a South Carolina corporation with its principal place of business in South Carolina.  (Mot. Confirm ¶ 2).  W.S. Agee is a dissolved Georgia corporation whose principal place of business prior to dissolution was McDonough, Georgia.  (Id. ¶ 2).  This action involves the confirmation of a $370,551.29 arbitration award, (id. ¶ 11; Final Arbitration Award ¶ 23), which exceeds the jurisdictional minimum of $75,000, 28 U.S.C. § 1332(a).[2]  The Court has subject-matter jurisdiction over this action.

    B.    Confirmation

If a party applies for an order confirming an arbitration award within one year of the award, the court "must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA]."  9 U.S.C.

---

[2] Section 9 of the FAA provides that the petition to confirm an arbitration award "may be made" in the United States district court in the district where the arbitration award was made.  The Supreme Court has noted that this venue provision is permissive and that it does not supplant the general venue statues.  See Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co., 529 U.S. 193, 195 (2000).  Venue is proper in this district because a substantial part of the events or omissions giving rise to Trehel's claim occurred within this district and division, in Stockbridge, Henry County, Georgia.

§ 9.  Trehel filed its motion on January 5, 2012, within one year of the Initial and Final Arbitration Awards.  Section 10 allows a district court to vacate an award "upon the application of any party to the arbitration" where the award was obtained by fraud or where there was some misconduct or abuse of power by the arbitrator.  Neither party has made an application to vacate the Arbitration Award based on Section 10.  Section 11 permits a district court, "upon the application of any party to the application," to modify the arbitration award where there is a clear mistake in the award, or where the arbitrator made an award upon a matter not submitted to the arbitration.  Section 11 also is not implicated in this case because neither party has applied to modify the Arbitration Award.

Finally, Section 12 provides that a party to the arbitration must serve any motion to vacate, modify, or correct an award within three months after the award is filed or delivered.  More than three months have passed since the Final Arbitration Award was issued by the arbitrator in this case and so, absent some unknown circumstance not raised or briefed by either party, the time for W.S. Agee to seek to vacate or modify the Arbitration Award has expired.  The Court therefore concludes that the Arbitration Award of $370,551.29 is required to be confirmed.

C.   <u>Prejudgment Interest</u>

The arbitrator also concluded that W.S. Agee's liability to Trehel became a liquidated, sum-certain amount on June 25, 2008, when the repairs to the retaining-wall backfill were completed.  (Final Arbitration Award ¶ 19).  Trehel was therefore entitled to prejudgment interest at the annual rate of 7% as of that date.  Ga. Code Ann. §§ 7-4-2, -15.  The Final Arbitration Award includes an award of interest between June 25, 2008, and the date of the Initial Arbitration Award on July 13, 2011.  An arbitration award is not a final judgment, however, and courts have held that a prevailing party is typically entitled to prejudgment interest for the period between the arbitration award and the entry of an order confirming the award.  See <u>Fort Hill Builders, Inc. v. Nat'l Grange Mut. Ins. Co.</u>, 866 F.2d 11, 14-15 (1st Cir. 1989) (under federal or Rhode Island law, prejudgment interest should be awarded from date of arbitration decision); <u>Sun Ship, Inc. v. Matson Navigation Co.</u>, 785 F.2d 59, 63 (3d Cir.1986); <u>Vrable IV, Inc. v. SEIU Dist. 1199, WV/KY/OH</u>, 784 F. Supp. 2d 846, 854 (S.D. Ohio 2011) (awarding prejudgment interest from date of arbitrator's decision, at rate provided for under state law); <u>InterChem Asia 2000 Pte. Ltd. v. Oceana Petrochemicals AG</u>, 378 F. Supp. 2d 347, 347-48 (S.D.N.Y. 2005) (awarding post-arbitration, prejudgment interest).

Trehel is entitled to prejudgment interest at a rate of seven percent (7%), Ga. Code Ann. §§ 7-4-2, -15, from the date of the entry of the Initial Arbitration Award (July 13, 2011), and the date of entry of this Order, which is a period of 271 days. Applying a rate of seven percent (7%) interest to this period entitles Trehel to an award of post-arbitration-award, prejudgment interest of $15,287.63, and a total judgment of $385,838.92

D.   Post-Judgment Interest

Trehel also requests an award of post-judgment interest at the prejudgment interest rate of seven percent (7%), or $58.55 per day until the award is fully satisfied.  Federal law governs the award of post-judgment interest on judgments obtained in federal district court.  Ins. Co. of N. Am. v. Lexow, 937 F.2d 569, 572 n.4 (11th Cir. 1991); G.M. Brod & Co. v. U.S. Home Corp., 759 F.2d 1526, 1542 (11th Cir. 1985).  The federal post-judgment interest statute provides:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . .  Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding. [sic] the date of the judgment.

28 U.S.C. § 1961(a).  Interest is computed annually.  28 U.S.C. § 1961(b).

The current 1-year constant maturity Treasury yield for the week ending March 23, 2012, is zero point two percent (0.20%).  See Board of Governors of the

9

Federal Reserve System, Selected Interest Rates (Weekly) – H.15 (Mar. 26, 2012), available at http://www.federalreserve.gov/releases/h15/current/ (last visited Mar. 29, 2012). Trehel is therefore entitled to post-judgment interest on its judgment of $385,838.92, at the rate of 0.20%, with interest computed daily to the day of payment, and compounded annually.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Arbitration Award of N. Ward Lambert, Esq., dated July 13, 2011, as amended on September 7, 2011, in the arbitration between Plaintiff Trehel Corporation and Defendant W.S. Agee Grading Contractors, Inc. is **CONFIRMED**.

**IT IS FURTHER ORDERED** that judgment is to be entered in favor of Plaintiff Trehel Corporation against Defendant W.S. Agee Grading Contractors, Inc. in the amount of $385,838.92. Post-judgment interest is allowed at the rate of 0.20% annually, compounded annually, and otherwise calculated consistently with 28 U.S.C. § 1961(b).

**SO ORDERED** this 30th day of March, 2012.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE